```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**DANIEL MASON,**

       **Plaintiff,**

**v.**                               **Civil Action No. 2:20-cv-00693**

**CORRECTIONAL OFFICER SKYLAR SANTIAGO,**
**CORRECTIONAL OFFICER JOHNNIE WILSON,**
**CAPTAIN BRIAN PENICK, and**
**CORRECTIONAL OFFICER JOHN BLANKENSHIP,**

       **Defendants.**

## ORDER

Pending is the defendants' motion to dismiss the plaintiff's complaint, filed on June 2, 2021 (ECF No. 18).

The plaintiff commenced this action by filing his complaint, through counsel, in Kanawha County Circuit Court on June 23, 2020, asserting claims arising from his allegations that the defendant state prison officials used excessive force against him while he was incarcerated. <u>See</u> ECF No. 1-1. The defendants removed the action to this court on October 21, 2020. <u>See</u> ECF No. 1.

The defendants served their first set of discovery requests on the plaintiff on December 1, 2020, and the parties stipulated to an extension of time, until January 31, 2021, for

the plaintiff to respond. See ECF No. 8; ECF No. 11. On February 23, 2021, the defendants filed a motion to compel the plaintiff to respond to the discovery requests. See ECF No. 12. After a telephonic hearing, the Magistrate Judge, noting that the defendants had agreed to give the plaintiff until March 8, 2021, to respond, ordered that the plaintiff respond by that date and denied the motion to compel as moot. See ECF No. 15. The Magistrate Judge further noted the plaintiff's counsel's plan to withdraw as counsel for the plaintiff if the plaintiff failed to communicate with him and participate in discovery by March 8, 2021. See id. The Magistrate Judge ordered the plaintiff's counsel, if withdrawal was granted, to provide a copy of the Magistrate Judge's order to the plaintiff and ordered the plaintiff to comply with the discovery requests at issue within 30 days after withdrawal was granted. See id.

On March 8, 2021, the plaintiff's counsel filed a motion to withdraw as counsel for the plaintiff. See ECF No. 16. Counsel explained that, despite counsel's efforts to communicate with the plaintiff, the plaintiff had failed to maintain contact with counsel and had failed to participate in discovery and that counsel had provided notice to the plaintiff of his intent to withdraw and of the plaintiff's obligation to proceed with the action. See id.

By a March 12, 2021 order, the court granted the plaintiff's counsel's motion to withdraw.  See ECF No. 17.  The court ordered the plaintiff to obtain new counsel by April 12, 2021, or else to proceed pro se and that, with or without counsel, the plaintiff had, as an extension of the deadline set by the Magistrate Judge, until April 22, 2021, to respond to the defendants' outstanding discovery requests.  See id.  In accordance with the Magistrate Judge's order, the court directed the plaintiff's counsel to inform the plaintiff of his obligation to prosecute this matter and participate in discovery and to provide the plaintiff a copy of the order granting the motion to withdraw.  See id.  The court directed the Clerk to transmit a copy of the order to the plaintiff at the address provided by the plaintiff's counsel and notified the plaintiff that his failure to comply with the deadline for responding to the defendants' discovery request, with the scheduling order, and with the Federal and Local Rules may result in dismissal of the action for failure to prosecute.  See id.

No attorney has entered an appearance on the plaintiff's behalf by the April 12, 2021 deadline set by the court or afterward.  The plaintiff has not provided any notice to the court regarding whether he intends to proceed with or without representation.

On June 2, 2021, the defendants filed the current motion to dismiss the plaintiff's complaint. See ECF No. 18. The defendants state that they have received no response from the plaintiff to their discovery request by the April 22, 2021 deadline set by the court, or afterward. See id. The defendants ask that the complaint be dismissed due to the plaintiff's failure to prosecute the action. See id. The defendants served the plaintiff with a copy of their motion by mail. See id. at 3. The plaintiff has not responded to the motion within the time set for doing so or at any time thereafter. See LR Civ P 7.1(a)(7); see also Fed. R. Civ. P. 5(b)(2)(C); Fed. R. Civ. P. 6(a), (d).

Fed. R. Civ. P. 41(b) provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. See Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019); see also Link v. Wabash R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). In determining whether such a sanction is appropriate, the court should balance the following factors: "'(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of

deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.'" <u>Attkisson</u>, 925 F.3d at 625 (quoting <u>Hillig v. C.I.R.</u>, 916 F.2d 171, 174 (4th Cir. 1990)). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." <u>Taylor v. Huffman</u>, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished); <u>see also</u> <u>Ballard v. Carlson</u>, 882 F.2d 93, 96 (4th Cir. 1989) (noting that "[a]ny other course" can "place[] the credibility of the court in doubt and invite[] abuse").

Having considered the relevant factors in light of particular circumstances of this case, the court concludes that dismissal is appropriate. The plaintiff has failed to comply with the court's order to proceed with his case with or without counsel and to respond to the defendants' discovery request, despite the court's express warning that failure to do so could result in dismissal for failure to prosecute. The plaintiff has likewise failed to abide by the Federal and Local Rules, which require him to timely respond to discovery requests, and has not filed a response opposing the current motion within the time allotted by the Local Rules. In view of these failures, it appears that the plaintiff no longer wishes to pursue this

matter and that the fault for the delays of the proceedings herein, which have necessarily prejudiced the defendants, lies with him.  Accordingly, dismissal is the appropriate sanction.

For the foregoing reasons, it is ORDERED that the defendants' motion to dismiss (ECF No. 18) be, and hereby it is, granted.  It further ORDERED that this action be, and hereby it is, dismissed with prejudice for failure to prosecute.

The Clerk is directed to transmit this order to all counsel of record, to any unrepresented parties, and to the plaintiff at the following address:

> 27 Telena Court
> Wood, West Virginia 25428

ENTER: June 24, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge